TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KEVIN J. BUTLER (Cal. Bar No. 329129)
Assistant United States Attorney
Violent & Organized Crime Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6495
    Facsimile: (213) 894-0141
    E-mail:   kevin.butler@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-287-DMG-8 |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT JIVAN HAHKNAZARYAN |
| v. | Hearing Date: August 25, 2021 |
| JIVAN HAHKNAZARYAN, | Hearing Time: 3:00 p.m. |
| Defendant. | Location: Courtroom of the Hon. Dolly M. Gee |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Kevin J. Butler, hereby files its sentencing position for defendant Jivan Hahknazaryan.

//

//

//

This sentencing position is based upon the attached memorandum of points and authorities, the United States Probation and Pretrial Services Office's presentence report and disclosed recommendation letter, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 28, 2021              Respectfully submitted,

                                           TRACY L. WILKISON
                                           Acting United States Attorney

                                           SCOTT M. GARRINGER
                                           Assistant United States Attorney
                                           Chief, Criminal Division

                                                 /s/
                                         KEVIN J. BUTLER
                                         Assistant United States Attorneys

                                         Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

In 2016, defendant Jivan Hahknazaryan ("defendant") participated in a scheme that defrauded Bank of America by opening fraudulent bank accounts using stolen Armenian passports, moving funds throughout a network of such fraudulent accounts, and ultimately stealing thousands of dollars in ill-gotten gains from the bank.  Although defendant's role in this conspiracy was minor compared with certain co-conspirators, his actions and those of his co-conspirators reasonably foreseeable to defendant caused over $60,975 in loss to Bank of America.  As set forth below, the United States Probation and Pretrial Services Office ("USPO") calculated an offense level of 11 and a criminal history category of I, which results in a guideline range of 8 to 14 months.  The government agrees with the USPO's calculations and recommends a period of time-served (approximately nine months), along with a two-year period of supervised release, $21,929.32 in restitution owed to Bank of America, and a $100 mandatory special assessment.

**II.   STATEMENT OF FACTS**

Between October 2017 and March 2017, defendant was involved in a scheme to defraud Bank of America, JP Morgan, and Wells Fargo.  (PSR ¶ 20.)  As part of this conspiracy, defendant and his co-conspirators obtained genuine Armenian passports not in their names that had the personal identifying information of the true passport holders, but had been fraudulently altered to bear the photographs of defendant or one of his co-conspirators.  (PSR ¶ 21.)  Then, defendant and his co-conspirators used the fraudulently altered passports and the personal identifying information of the passport holders to open bank accounts

at Bank of America, JP Morgan, and Wells Fargo banks.  (PSR ¶ 21.) Once the bank accounts were opened, defendant and his co-conspirators made small deposits into and small withdrawals from the accounts at Bank of America for the first 90 days in order to make the accounts appear legitimate and encourage Bank of America to place the accounts in good standing.  (PSR ¶ 22.)  Once these accounts were in good standing, defendant and his co-defendants would deposit forged or fraudulent checks from other fraudulently opened checking accounts into the Bank of America savings accounts.  (PSR ¶ 22.)  Later, defendant's co-conspirators accessed the Bank of America accounts online and transferred money from the savings accounts into the corresponding checking accounts so that the money was readily available for withdrawal.  (PSR ¶ 23.)  As the final step, defendant's co-conspirators withdrew money from the fraudulently opened Bank of America accounts at casino ATMs in Las Vegas and elsewhere.  (PSR ¶ 23.)

### III. GUIDELINE CALCULATIONS

In the PSR, the USPO determined that defendant's base offense level was seven, pursuant to U.S.S.G. § 2B1.1(a)(1).  (PSR ¶ 34.) The USPO increased the base offense level by six points because the intended loss amount of defendant's conduct was over $40,000.  (PSR ¶ 37).  The USPO also applied a two-point enhancement because the offense involved the possession of passports with authentication features.  (PSR ¶¶ 37-39).  These enhancements resulted in an adjusted base offense level of 13.  (PSR ¶ 44.)  Consistent with the parties' plea agreement, the PSR subtracted two levels because defendant was considered a minor participant relative to the average participant in the conspiracy.  (PSR ¶ 42).  After a two-point

2

adjustment for acceptance of responsibility, the PSR calculated a total offense level of 11.  (PSR ¶ 47.)  The USPO found that defendant had zero criminal history points, which puts him in criminal history category I.  (PSR ¶ 49.)  Based on the total offense level of 11 and criminal history category of I, the USPO determined that defendant's guideline range is 8 to 14 months.  (PSR ¶ 95.)  The government agrees with these calculations and the facts set forth in the PSR.

**IV.   THE GOVERNMENT'S SENTENCING POSITION**

After considering the factors set forth in 18 U.S.C. § 3553(a), the government believes that a guideline sentence of eight months' imprisonment, and a two-year period of supervised release, is sufficient but not greater than necessary to protect the public from further crimes by defendant and to afford adequate deterrence to prevent future criminal conduct.  A guidelines sentence reflects the seriousness of defendant's crime, while recognizing certain mitigating factors that exist in defendant's case.  Specifically, as noted in the PSR and the parties' plea agreement, defendant was a minor participant compared to other co-conspirators because defendant was primarily involved in the opening of fraudulent bank accounts yet he did not directly participate in the movement of funds between various fraudulent accounts nor the ultimate withdrawals of cash.  A guidelines sentence, followed by a two-year period of supervised release strikes the proper balance between the serious nature of defendant's fraud and the mitigating factors specific to this defendant.

**V.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court impose the following sentence: (1) a custodial sentence of eight months; (2) a two-year period of supervised release with the terms and conditions recommended by the USPO; and (3) $60,875 in restitution to be paid to Bank of America; and (4) a $100 mandatory special assessment.